UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derrick Joseph Miles, # 307815, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Sheriff Ed Carroll, Investigator K.S. Peterson, )<br>Solicitor J. Strom Thurmond/2nd Judicial Circuit, )<br>Assistant Solicitor name unknown; )<br>)<br>Defendants. ) | C/A No. 1:15-4228-MGL-TER<br><br>REPORT AND RECOMMENDATION |

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Derrick Joseph Miles ("Plaintiff") has filed a Complaint outlining a series of events dating back to 2013, at which time he and his wife apparently separated as a result of a domestic dispute. Compl. at 3. Following the separation, Plaintiff indicates that he purchased a 1996 GMC truck. *Id*. Thereafter Plaintiff was sentenced on (presumably) unrelated criminal charges to a period of incarceration with the South Carolina Department of Corrections. *Id*. Plaintiff indicates that he gave permission for his wife to use his truck after her van broke down, but that she was to return the truck to Plaintiff's mother. Compl. at 3-4. Plaintiff indicates that instead, his wife added her name to the

1

truck title without his knowledge, and signed a check and received funds from his account under false pretenses. Compl. at 4. Based on attachments to his Complaint, Plaintiff has contacted the Barnwell County Sheriff about these issues, and an investigator was assigned to the case. After investigation, and presentation to the Second Circuit Solicitor's Officer, Plaintiff's allegations were found to be unfounded, and no charges were brought. Doc. # 1, Attachment 1-1 at 11. Plaintiff was advised by letter from the Investigator of this information. *Id*. Plaintiff indicates that the issues he is attempting to litigate are related to the "Barnwell County Sheriff's Department and 2nd Judicial Solicitor's Office fail[ure] to prosecute on my behalf." Compl. at 2. Plaintiff seeks damages including five thousand dollars, or the 1996 GMC truck (or another truck of equal value); fifteen hundred dollars for a toolbox and tools, or the return of the same, and two thousand dollars for the purportedly diverted funds. Compl. at 5.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially

meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the Plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

42 U.S.C. § 1983. To establish a claim under § 1983, a Plaintiff must prove two elements: (1) that the Defendant "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United

States;" and (2) that the defendant "deprived [the Plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir.2001) (third alteration in original) (citation and internal quotation marks omitted).

Plaintiff essentially asserts that the named Defendants have refused to prosecute or bring charges against Plaintiff's wife for the alleged wrongs as perceived by Plaintiff. This claim is subject to summary dismissal without service on these Defendants because the Plaintiff does not have any constitutional right to, or, in fact, any judicially cognizable interest in, the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(*applying Linda R.S. v. Richard D.* and collecting cases); *Doyle v. Ok. State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970). Also, several federal courts have held that, in absence of allegations that protective services such as criminal investigations and charges are being withheld *solely* for an illegally discriminatory reason, a private citizen, such as the Plaintiff, may not recover damages under section 1983 based on the failure of law enforcement or prosecuting authorities to charge or prosecute certain other private citizens criminally. *See, e.g.*, *McKee v. City of Rockwall*, 877 F.2d 409, 418 (5th Cir. 1989)("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection;" Plaintiff victim of assault could arguably sustain equal protection claim for inadequacy of police protection *only upon proof* that non-arrest of perpetrator was result of discrimination against protected class); *Watson v. City of Kansas City, Kansas*, 857 F.2d 690, 694 (10th Cir. 1988)("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection."); *Campbell v. Bowlin*, 724 F.2d 484 (5th Cir. 1984)(Plaintiff should have been permitted to have jury consider section 1983

claim where he presented proof that showed he was denied municipal services on account of his race); *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"); *Nieves-Ramos v. Gonzalez-De-Rodriguez*, 737 F.Supp. 727 (D. P.R. 1990)(no cause of action under section 1985 against judge and prosecutor for failing to arrest person where no allegations of illegal discrimination); *Johnson v. Craft*, 673 F. Supp. 191, 193 (S.D. Miss. 1987)("there appears to be no federal constitutional right to have criminal wrongdoers brought to justice"). *But see Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir.1995) ("when police officers conceal or obscure important facts about a crime from its victims, rendering hollow the right to seek redress, constitutional rights are undoubtedly abridged"); *Love v. Bolinger*, 927 F.Supp. 1131 (S.D. Ind. 1996)(conspiracy to keep details of criminal investigation secret or not to begin one at all may be actionable as a denial of access to court claim under specific allegations).

    As the Seventh Circuit Court of Appeals explained:

> [T]here is no constitutional right to be protected by the state against being murdered [or otherwise injured] by criminals or madmen. It is monstrous if the state fails to protect its residents against such predators *but it does not violate the due process clause of the Fourteenth Amendment or, we suppose, any other provision of the Constitution*. The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order. *Discrimination in providing protection against private violence could of course violate the equal protection clause of the Fourteenth Amendment. But that is not alleged here*. All that is alleged is a failure to protect [the Plaintiff] and others like her from a dangerous madman, and as the State of Illinois has no federal constitutional duty to provide such protection its failure to do so is not actionable under section 1983.

*Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982)(emphasis added).

Also closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In *Leeke*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In *Leeke*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *See* 454 U.S. at 86-87; *see also In re Appointment of Independent Counsel*, 766 F.2d 70, 74-76 (2d Cir. 1985); *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 378-83 (2d Cir. 1973). Moreover, in its *Timmerman* opinion, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See* 454 U.S. at 87 n. 2 (citing *State v. Addison*, 2 S.C. 356, 364 (1871)).

It is elemental that "[s]ection 1983 imposes liability on anyone who under color of state law 'subjects ... any citizen ... or other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ...,' and thus applies *only* if there is a deprivation of a constitutional right." *Bowers v. DeVito*, 686 F.2d at 618 (emphasis added) (citing to *Baker v. McCollan*, 443 U.S. 137, 146-47 (1979); *Paul v. Davis*, 424 U.S. 693, 699-701 (1976); *Bonner v. Coughlin*, 545 F.2d 565, 567, 569 (7th Cir. 1976)). Although the Plaintiff potentially implies that his constitutional rights have been violated by the Defendants' failure to act, he does not specify which constitutional right or rights he believes have been violated. The authorities cited and discussed above make clear that private citizens have no federal constitutional right to have any other individual charged with a crime, and that such claims routinely fail unless a valid equal protection or substantive due process claim based on invidious, class-based discrimination is stated. A close and careful examination of

the allegations contained in the Plaintiff's complaint does not disclose any reference to any specific federal constitutional or statutory rights allegedly violated by the Defendants' inaction, nor are there any allegations that the Defendants have failed or refused to act because of racial, religious, gender or other illegal discrimination. Thus, no federal cause of action under 42 U.S.C. § 1983 is stated even under the most liberal construction of the complaint in this case.

The complaint also fails to establish diversity jurisdiction for this Court to decide any potential state law claims.[1] The complaint should be dismissed failure to state a claim under § 1983 and lack of jurisdiction over any state law claims.

### RECOMMENDATION

Accordingly, it is recommended that the district court dismiss the complaint in this case *without prejudice. See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 30, 2015
Florence, South Carolina

---

[1] Plaintiff fails to plead that the suit involves citizens of different states. Additionally, the amount in controversy requirement is not met, based on Plaintiff's own allegations.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).